UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL ALBERT BELLON,

    Plaintiff,

v.

UNITED STATES GOVERNMENT,

    Defendant.
_____/

CASE NO. 06-CV-10078-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**II.    REPORT**

    **A.    Introduction**

Plaintiff Daniel Bellon's *pro se* civil complaint was referred by U.S. District Judge David M. Lawson to the undersigned Magistrate Judge for general case management on January 13, 2006. (Dkt. 3.) Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on March 1, 2006. (Dkt. 4.) After screening the *pro se* complaint, I conclude that the case is ready for Report and Recommendation.

---

[1] In the event that this Report and Recommendation is adopted, Plaintiff's pending Ex Parte Motion to Expedite Case (Dkt. 5) will be moot.

**B.      Screening Requirement**

Federal law requires the Court to screen all civil complaints filed *in forma pauperis*. 28 U.S.C. § 1915(e).[2] Pursuant to this statute, the Court must *sua sponte* dismiss the case before service on a defendant and without affording the plaintiff an opportunity to amend if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material

---

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

      (i)  is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

### C.     Discussion

Plaintiff states in his *pro se* complaint that he was forced into taking a federal social security account at the age of sixteen, and he now seeks to be "repatriated" back to his jurisdiction of birth. He claims that he is a "natural born citizen of the Michigan State Republic," (Compl. at 1), and requests that the Court repatriate him "back into the pre-civil war – 1861-1865 – jurisdiction of the Republic of several states and out of the post-civil war – 1861-1865 – jurisdiction of your U.S. Corporation – a Democracy." (*Id.* at 3.) Accordingly, he asks that his social security contract be dissolved and that he be absolved from all liability associated therewith. (Compl. at 2.)

Courts have long found this "sovereign citizen" argument to be frivolous. In *United States v. Mundt*, 29 F.3d 233 (6th Cir. 1994), the plaintiff argued that he was "solely a resident of the state of Michigan and not a resident of any 'federal zone' and therefore not subject to federal income tax laws." *Id.* at 237. The court found the argument to be "completely without merit and patently frivolous." *Id.* The Sixth Circuit's finding is consistent with numerous holdings from other federal courts. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority is frivolous); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting as frivolous defendants' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' . . ."); *Devries v. Hammer*, No. 1:99-CV-111, 1999 WL 1128869, *2-*3 (W.D. Mich. Nov. 4, 1999) ("Similarly outlandish is plaintiff's contention, often rejected by the federal courts,

that he is a citizen only of the State of Michigan and is not subject to the jurisdiction of the federal government.") (unpublished) (citing *Mundt*).

Therefore, because Plaintiff's complaint lacks an arguable basis in law, *Neitzke*, 490 U.S. at 325, I suggest that it be *sua sponte* dismissed with prejudice.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                          s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: March 28, 2006                             United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Daniel Albert Bellon and Honorable David M. Lawson.

Dated: March 28, 2006                              By       s/Mary E. Dobbick
                                                         Secretary to Magistrate Judge Binder